Argued December 19, 1978, reversed and remanded for trial February 20, reconsideration denied March 27, Supreme Court review denied May 30, 1979, 286 Or 449

# STATE OF OREGON, *Appellant,*
## *v.*
# MICHAEL LANDINO, *Respondent.*
## (No. 78-3439, CA 12027)

590 P2d 737

David L. Atkinson, Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Kenneth A. Morrow, Eugene, argued the cause for respondent. With him on the brief was Morrow & McCrea, P. C., Eugene.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges

TANZER, J.

**TANZER, J.**

The trial court sustained defendant's demurrer to an indictment charging him with sexual abuse of a "female seventeen years of age," and the state appeals. The defendant's theory was that the indictment failed "to allege that the victim did not consent or that the victim was incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless as required by the statute." ORS 163.415(1) defines the crime:

"(1) A person commits the crime of sexual abuse in the second degree if he subjects another person to sexual contact; and

"(a) The victim does not consent to the sexual contact; or

"(b) The victim is incapable of consent by reason of being mentally defective, mentally incapacitated or physically helpless."

The state contends that the allegation that the victim is under 18 years of age is sufficient to allege lack of consent because, under ORS 163.315, a minor is incapable of giving consent. That section provides:

"A person is considered incapable of consenting to a sexual act if he is:

"(1) Under 18 years of age; or

"(2) Mentally defective; or

"(3) Mentally incapacitated; or

"(4) Physically helpless."

If the victim lacks legal capacity to consent, it is unnecessary to allege that the victim did not actually consent. *See* LaFave and Scott, Criminal Law, § 57, p 408 (1972). Thus, an allegation that the victim is a minor has the effect of an allegation that there is no consent.

Defendant argues that ORS 163.415 may not be so applied because it contains its own definition of incapacity to consent separate from the general definition in ORS 163.315. Subsection (1)(b) lists three forms

[ 449 ]

of incapacity to consent, omitting incapacity due to minority from the four forms listed in ORS 163.315. Defendant further argues that it was an intentional omission, that subsection (1)(b) is limited to its terms, and that subsection (1)(a) refers only to nonconsent in fact by a victim who is legally capable of consent. If we accept this interpretation, there would be no crime of sexual abuse in the second degree of a minor who gives actual consent.

■ In determining the meaning of a criminal statute we are guided by ORS 161.025(2), which directs that we eschew mechanical rules of statutory construction and, instead, that we construe a statute according to "the fair import of its terms, to promote justice and to effect the purposes" of the criminal code.

■■ The intent of the drafters was to describe a crime to which the consent of a minor victim is no defense. This is clear from the Commentary:

> "The effect of the draft is to provide that consent by a person deemed incapable of consenting to a sexual act would not be a defense to a prosecution for either rape, sodomy, sexual abuse or sexual misconduct, whereas consent by a person not deemed incapable of consenting to a sexual act would be a good defense to a prosecution for those crimes. * * *" Commentary, Proposed Oregon Criminal Code, Final Draft and Report, § 105, p 106 (July 1970).

That all four types of legal incapacity set out in ORS 163.315 were intended to apply to all sexual offenses is clear:

> "Lack of consent is the common denominator for all the crimes proscribed in this article. This section is intended to define the limits of legal incapacity to consent so as to eliminate any efforts to make the term control in instances other than those specified." Commentary, *supra* at 106.

■ The legislative intent to prohibit sexual abuse of consenting minors is also evident from ORS 163.415(2) which creates an affirmative defense to sexual abuse

of a consenting minor under certain limited conditions.

"(2) In any prosecution under subsection (1) of this section it is an affirmative defense for the defendant to prove that:

"(a) The victim's lack of consent was due solely to incapacity to consent by reason of being under 18 years of age; and

"(b) The victim was more than 14 years of age; and

"(c) The defendant was less than four years older than the victim.

"* * * * *"

The purpose of this exception is "to exclude from criminal sanction certain activity by adolescents, *e.g.,* the 'petting party' between a 14, 15 or 16 year old 'victim' and another young though criminally responsible person of slightly greater age." Commentary, *supra* § 115, pp 122-23. The existence of the exception under certain circumstances is a recognition that sexual abuse of a consenting minor under other conditions is included in the general definition of the crime. Otherwise the creation of an exception would be meaningless.

Therefore, we construe ORS 163.415(1)(a) to apply whether there is nonconsent in fact or as a result of incapacity resulting from any of the four conditions listed in ORS 163.315. The listing of three of those circumstances in subsection (1)(b) is redundant. It follows that the demurrer was erroneously sustained.

Reversed and remanded for trial.