646 P.2d 318

**The STATE of Arizona, Appellee,**

v.

**Luis VILLEGAS, Appellant.**

**No. 2 CA–CR 2494.**

Court of Appeals of Arizona, Division 2.

May 26, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Joel Glynn, Phoenix, for appellee.

Wayne A. Cypert, Nogales, for appellant.

OPINION

HOWARD, Chief Judge.

Appellant was charged with sexual assault in violation of A.R.S. § 13–1406, but was convicted of a violation of A.R.S. § 13–1405, sexual conduct with a minor. He contends that the latter offense is not a lesser-included offense of the former and that his constitutional right to be informed of the nature and cause of the accusation, as guaranteed by the Sixth Amendment to the United States Constitution, was violated. The state concedes error, and we agree.

In *Gray v. Raines*, 662 F.2d 569 (9th Cir. 1981), the Ninth Circuit, construing our former A.R.S. § 13–611(A), first-degree rape, and former A.R.S. § 13–611(B), second-degree rape (statutory), held that statutory rape was not a lesser-included offense of forcible rape, thus precluding conviction for statutory rape when one was charged only

with forcible rape. In so holding the court stated:

"What makes statutory and forcible rape separate offenses for charging purposes is the fact that proof of different elements is required. The use of force is an element of first degree rape, while the age of the victim is an element of second degree rape. Neither element is common to both degrees. Because first and second degree rape are distinct offenses, and second degree rape is not an included offense, the state was obligated to comply with the Sixth Amendment notice requirement when bringing a second degree rape charge. In the instant case, the state did not meet its obligation." 662 F.2d at 572.

A.R.S. § 13–1406, sexual assault, provides:

"A. A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person not his or her spouse *without consent* of such person." (Emphasis added)

According to A.R.S. § 13–1405, sexual conduct with a minor is committed "... by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is *under eighteen years of age* and who is not his or her spouse." (Emphasis added)

Although the statutes at issue are not the same as those in *Gray v. Raines*, supra, for example, under A.R.S. § 13–1407, it is a defense to sexual conduct with a minor if the victim's lack of consent is based on incapacity because the victim was 15, 16 or 17 years of age and the defendant did not know and could not reasonably have known the age of the victim, the reasoning in *Gray* applies. Lack of consent is an element of sexual assault, while the age of the victim is an element of sexual conduct. Neither element is common to both offenses.

Having failed to charge appellant with sexual conduct with a minor, the state cannot convict him of the offense.

Reversed.

HATHAWAY and BIRDSALL, J., concur.