744 P.2d 725

**The STATE of Arizona, Petitioner,**

v.

**SUPERIOR COURT of the STATE OF ARIZONA, In and For the COUNTY OF SANTA CRUZ, and the Honorable Jose M. Lerma, Judge Pro Tempore thereof, Respondents,**

**and**

**Manuel PUIG, Real Party in Interest.**

Nos. 2 CA–SA 87–0042, 2 CA–SA 87–0046.

Court of Appeals of Arizona, Division 2, Department A.

June 9, 1987.

Reconsiderations Denied July 7, 1987.

Review Denied Oct. 6, 1987.

Jose Luis Machado, Santa Cruz Co. Atty., Nogales, for petitioner.

William Rothstein, Nogales, for real party in interest.

## OPINION

HOWARD, Presiding Judge.

The real party in interest in these special actions is the defendant in a criminal case below, who is charged with one count of sexual abuse in violation of A.R.S. § 13–1404, a class 5 felony, and two counts of sexual assault in violation of A.R.S. § 13–1406, class 2 felonies. Following defendant's first trial, the jury delivered guilty verdicts on all charges. Subsequently, on the defendant's motion, the court granted a new trial. In these consolidated special actions, the state challenges rulings made by the trial court on pretrial motions heard in anticipation of the second trial.

## THE CONSENT ISSUE

Defendant took the stand at his first trial and testified that he knew the victim was 17 years old at the time the incidents occurred. In defense, he claimed the victim had consented. In a motion in limine filed in anticipation of the retrial, the state sought a determination that, as a matter of law, it may establish lack of consent by proving the victim's minority. The issue raised by the state has not been addressed previously in Arizona. It requires a reconciliation of what appear to be inconsistent provisions in the criminal statutes at Title 13, Chapter 14, 5 A.R.S.

### 1. The Sexual Assault Charges

Defendant is charged with two counts of sexual assault by information which states that he committed the offenses "by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with [the victim], without her consent, a class 2 felony, in violation of A.R.S. § 13–1406(A)." The state contends that the "without consent" element of sexual assault may be established by proving the victim's minority, because at common law minors are

deemed incapable of such consent. A.R.S. §§ 13–1406 and 13–1405 provide as follows:

§ 13–1406. Sexual assault; classifications

A. A person commits sexual assault by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person *without consent of such person.*

B. Sexual assault of a person fifteen years of age or older is a class 2 felony, and the person convicted is not eligible for suspension or commutation of sentence, probation, pardon, parole, work furlough or release from confinement on any other basis except as specifically authorized by § 31–233, subsection A or B until the sentence imposed by the court has been served. If the victim is under fifteen years of age, sexual assault is a class 2 felony and is punishable pursuant to § 13–604.01.

(Emphasis added.)

§ 13–1405. Sexual conduct with a minor; classifications

A. A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.

B. Sexual conduct with a minor under fifteen years of age is a class 2 felony and is punishable pursuant to § 13–604.01. Sexual conduct with a minor fifteen years of age or over is a class 6 felony.

To follow the state's argument would mean that any case which involves sexual intercourse or oral sexual contact with a 15–, 16– or 17–year–old victim may, at the sole discretion of the prosecutor, be filed as either a class 2 felony (sexual assault under § 13–1406) or a class 6 felony (sexual conduct with a minor under § 13–1405). We do not believe that the legislature intended such a liberal construction of the revised criminal statutes.

■ Since territorial days, the crime of rape was defined as either nonconsensual sexual intercourse or sexual intercourse with a consenting female under the age of majority. *See, e.g.,* Arizona Code ch. 10, § 47 (Howell 1864) (age of consent was 10

years) (superseded); Revised Statutes of Arizona § 9–423 (1887) (age of consent was 14 years) (superseded); A.R.S. § 13–611 (1955) (age of consent was 18 years). In 1962, the Arizona legislature redefined the general crime of rape and divided it into two degrees, each of which carried a different sentence. First-degree rape was defined to include situations in which intercourse was forcibly or otherwise nonconsensually accomplished. A.R.S. § 13–611(A) (1962). Second-degree rape included acts of sexual intercourse with a victim under the age of 18 years "under circumstances not amounting to rape in the first degree." A.R.S. § 13–611(B) (1962). Second-degree rape carried a sentence considerably less than that imposable for first-degree rape. A defendant's belief, however reasonable, that the second-degree rape victim was over the age of 18 years was no defense to the charge. *State v. Superior Court of Pima County,* 104 Ariz. 440, 454 P.2d 982 (1969).

The 1977 enactment of our revised criminal code included a substantial revision of the sexual offense statutes. The term "rape" was eliminated, and what were formerly first- and second-degree rape situations are now defined separately in A.R.S. §§ 13–1405 and 13–1406 as quoted above. A major addition to the criminal code was A.R.S. § 13–1407, which provides a defense to certain sexual offenses in certain circumstances. Specifically, § 13–1407(B) provides:

It is a defense to a prosecution pursuant to §§ 13–1404 and 13–1405, in which the victim's lack of consent is based on incapacity to consent because the victim was fifteen, sixteen or seventeen years of age, if at the time the defendant engaged in the conduct constituting the offense the defendant did not know and could not reasonably have known the age of the victim.

By its terms, the defense created under § 13–1407(B) is not available to a defendant charged with sexual assault. Section 13–1407(B) is applicable only where the charge is sexual abuse or sexual conduct with a minor, where the 15–, 16– or 17–year–old

minor consented, and the defendant reasonably believed the minor was 18 or older. We believe that the legislature's decision to create a defense to certain charges, based upon a reasonably mistaken belief as to the age of a consenting victim, but to make such a defense unavailable as against a charge of sexual assault, reveals an intent that the "without consent" element of sexual assault requires proof of something more than mere incapacity to consent due to the victim's minority.

■ Our construction is consistent with A.R.S. § 13–1401(5), where the legislature broadened the definition of "without consent" beyond traditional views of force but chose not to include the victim's minority or incapacity to consent. That section provides:

§ 13–1401. Definitions

In this chapter, unless the context otherwise requires:

\* \* \* \* \* \*

5. "Without consent" includes any of the following:

(a) The victim is coerced by the immediate use or threatened use of force against a person or property.

(b) The victim is incapable of consent by reason of mental disorder, drugs, alcohol, sleep or any other similar impairment of cognition and such condition is known or should have reasonably been known to the defendant.

(c) The victim is intentionally deceived as to the nature of the act.

(d) The victim is intentionally deceived to erroneously believe that the person is the victim's spouse.

A.R.S. § 1–211(C) tells us that penal statutes must be construed "according to the fair import of their terms, with a view to effect their object and to promote justice." In a proper situation, we may apply the doctrine of *expressio unius est exclusio alterius. State v. Allred*, 102 Ariz. 102, 425 P.2d 572 (1967). The legislature has

defined "without consent" in § 13–1401(5). It appears that it necessarily meant to exclude minority or such incapacity from that general definition. Intercourse or oral sexual contact perpetrated without the victim's consent, regardless of the victim's age, may constitute the crime of sexual assault. If the victim is a minor, nonconsensual intercourse or oral contact may also be charged under § 13–1405 as sexual conduct with a minor.[1] In that event, the age of the minor victim determines the class of the offense.[2] Thus, where a victim is younger than 15, the state can charge a defendant under § 13–1405 and, without the requirement of proving lack of consent, achieve the same result. Compare A.R.S. §§ 13–1405(B) and 13–1406(B). It is only where a victim is 15, 16 or 17 that the charge involving sexual intercourse or oral sexual contact will turn on whether the acts were consensual. If they were, the defendant will not be guilty of sexual assault under § 13–1406 because that offense requires proof that the contact was in fact nonconsensual.

Other state legislatures have specifically defined their offenses to reach the result sought by the prosecutor in the instant case. For example, in Oregon, the statutes provide that a person is incapable of consenting to a sexual act if he is under 18 years of age. O.R.S. 163.315. Thus, the Oregon courts have held that an allegation of the victim's minority has the effect of an allegation that there is no consent with regard to all sexual offenses charged. *State v. Landino*, 38 Or.App. 447, 590 P.2d 737 (1979). The *Landino* court quoted the drafters of the revised Oregon criminal code as follows:

The effect of the draft is to provide that consent by a person deemed incapable of consenting to a sexual act would not be a defense to a prosecution for either rape, sodomy, sexual abuse or sexual misconduct, whereas consent by a person not

---

1. As we pointed out in *State v. Villegas*, 132 Ariz. 433, 646 P.2d 318 (App.1982), sexual assault and sexual conduct with a minor are separate offenses which must be charged separately.

2. If the victim is 15, 16 or 17, the crime is a class 6 felony, but if the victim is younger than 15 years, the offense is a class 2 felony, A.R.S. § 13–1405(B), and the mistake of age defense under § 13–1407(B) is unavailable.

deemed incapable of consenting to a sexual act would be a good defense to a prosecution for those crimes.

*Id.* at 449, 590 P.2d at 739. We recognize that some of Arizona's revised criminal statutes were derived from Oregon law. However, as we have discussed, our legislature specifically did not include minority in the definition of "without consent" under § 13–1401(5), nor did it provide that all minors are incapable of consenting.

Throughout our general statutory scheme dealing with sexual offenses, the penalty increases as the degree of force used in committing the offense increases and as the age of the victim decreases. The primary legislative intent clearly is to punish and to deter nonconsensual sexual contact. On the other hand, the consideration in prohibiting consensual intercourse or sexual contact with an underage victim traditionally has been attributed to protecting those who are too unsophisticated to protect themselves. We believe the offenses defined at A.R.S. §§ 13–1405 and 13–1406, together with the defense under § 13–1407(B) and the classification of the offenses where the victim is under 15, reflect those considerations. Therefore, we hold that a charge of sexual assault pursuant to A.R.S. § 13–1406, regardless of the age of the victim, requires the state to prove the victim's lack of consent by more than proof of minority.[3] In view of our ruling, we do not address the defendant's argument regarding the issue of notice.

### 2. The Sexual Abuse Charge

■■■ Defendant is also charged with one count of sexual abuse in an information which states that he committed sexual abuse "by intentionally or knowingly engaging in sexual contact with [the victim], without her consent, a class 5 felony, in violation of A.R.S. § 13–1404(A)."

The state argues that because defendant in his first trial admitted to knowing the victim's age of 17 years at the time of the offenses, he is precluded from raising

A.R.S. § 13–1407(B) as a defense to the sexual abuse charge in the retrial. We disagree. If the defendant takes the stand in his second trial, it is possible that he may testify consistently with his previous testimony, or he may make statements contrary to his previous testimony in an attempt to establish the defense afforded by A.R.S. § 13–1407(B), or he may not testify at all. In any event, defendant's prior trial testimony is available for the state's use within the parameters specified in the Rules of Evidence, 17A A.R.S., and the preclusion sought by the state is not appropriate.

A.R.S. § 13–1404 provides:

§ 13–1404. Sexual abuse; classifications

A. A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person fifteen or more years of age without consent of that person or with any person who is under fifteen years of age if the sexual contact involves only the female breast.

. B. Sexual abuse is a class 5 felony unless the victim is under fifteen years of age in which case sexual abuse is a class 3 felony punishable pursuant to § 13–604.01.

Regarding proof of the elements of the sexual abuse charge, contrary to the state's position, consent is an issue in this case. Read together with A.R.S. § 13–1407(B), § 13–1404 encompasses differing sets of circumstances which may lead to a sexual abuse charge. Where the sexual contact is consensual and the defendant reasonably believes the 15–, 16– or 17–year–old victim to be 18 or older, the defense under § 13–1407(B) will prevent a guilty verdict to the sexual abuse charge. Where the contact is consensual and the defendant knew or should have known the age of the 15–, 16– or 17–year–old victim, the defendant is guilty of sexual abuse, a class 5 felony. Where the sexual contact involves a minor victim under 15 years of age, and only involves the female breast, consent is not an issue, § 13–1407(B) does

---

**3.** Of course, where a victim of sexual assault is under 15 years of age, a defendant may also be charged with child molestation pursuant to

A.R.S. § 13–1410, a class 2 felony offense for which consent is not an issue.

not apply, and the sexual abuse is a class 3 felony.[4] Finally, any case involving non-consensual sexual contact with a 15–, 16– or 17–year–old victim requires proof that the contact occurred without consent of the victim. "Without consent" means something more than merely establishing the victim's minority.

### PRIOR UNSUBSTANTIATED RAPE

In a separate special action petition, the state challenges the court's pretrial ruling on a defense motion entitled "Motion to Allow Evidence of Unchastity of Victim." In that motion, defense counsel alleged that certain information had been learned from interviews of the victim's church counselor, specifically, that the counselor reported that the victim had in the past made an allegation that she was raped under circumstances similar to those in the present case. During argument of the motion, defense counsel avowed to the court that the victim had made such an allegation. Based on that information, the court held a "threshold hearing" on the matter. The victim was called to testify and stated that she was raped when she was 14 years old, approximately three years prior to the instant offenses. She refused to answer defense counsel's inquiries regarding the identities of the persons present or of the perpetrator. She stated that she did not report the incident to the police or to other authorities. Defense counsel made no showing that any report of the incident had been made.

The court disagreed with the state's argument that the defendant had not met the requirements of State ex rel. Pope v. Superior Court, 113 Ariz. 22, 545 P.2d 946 (1976), as discussed in State v. Hutchinson, 141 Ariz. 583, 688 P.2d 209 (App.1984). The court ruled that the defendant was entitled to a hearing, allowed the defense to call the victim to testify, and then discussed the fact that the victim refused to reveal the name of the alleged perpetrator of the prior rape or any other persons

present at the time of the offense. Finally, the court stated:

And I am going to order the witness to answer the question as to the identity of the people involved in the prior alleged incident. I am also going to rule that [defense counsel] would be able to make an offer of proof involving the people in the prior alleged incident, to try to establish that the prior rape charge was unsubstantiated.

Now, because of our discussions here, and because I am very concerned about this, and because I am not at all sure that this is the procedure that was anticipated by Grice [State v. Grice, 123 Ariz. 66, 597 P.2d 548 (App.1979)], by Pope, or by Hutchinson, I am going to withhold ordering the witness to answer that question until the Court of Appeals has had a chance to review my rulings.

In Pope, our supreme court adopted the general rule that evidence of reputation or of prior acts to demonstrate the unchastity of the victim in a sexual assault prosecution is inadmissible. That rule is subject to certain exceptions, including an effort by the defendant to show that the victim has made unsubstantiated charges of rape in the past. 113 Ariz. at 29, 545 P.2d at 953. In such instance the evidence offered by the defendant may be sufficiently probative to compel its admission despite its inflammatory effect. The appropriate procedure was set forth as follows:

[A] hearing should be held by the court outside the presence of the jury prior to the presentation of the evidence. This hearing should be preceded by a written motion or offer of proof on the record, made without the jury's knowledge, which should include the matters sought to be proved by either cross-examination of the complaining witness or by other witnesses. Either of these should make reference to specific records or documents which may be relied upon. If the defendant alleges that proffered [sic] evidence falls into one of the above ex-

---

4. Any other sexual contact beyond the scope defined in § 13–1404(A) constitutes child moles-tation, a class 2 felony under § 13–1410.

ceptions, the trial court should allow its admission if it is not too remote and appears credible.

*Id.*

In *State v. Hutchinson*, 141 Ariz. 583, 688 P.2d 209 (App.1984), the appellant was found guilty of sexual assault. On appeal, he challenged the trial court's order precluding evidence of an alleged unsubstantiated rape charge made by the victim six years before his offense. In *Hutchinson*, we reviewed decisions from other states and concluded that the appellant's offer of proof lacked sufficient facts to show that the prior rape charge was unsubstantiated. There, the appellant had shown that the victim had previously reported a rape, that a complaint had been filed in justice court, and that the complaint had been dismissed at the preliminary hearing because there was no probable cause to bind the perpetrator over to superior court. The appellant argued that dismissal of the prior rape charge for lack of probable cause was sufficient proof of its falsity so as to render it admissible in his case. Quoting *People v. Alexander*, 116 Ill.App.3d 855, 72 Ill. Dec. 338, 342, 452 N.E.2d 591, 595 (1983), we concluded that there was "nothing in the record to support the inference that these charges were unsubstantiated or to show that they were false in any manner." 141 Ariz. at 587, 688 P.2d at 213. In *Hutchinson*, we interpreted our supreme court's decision in *Pope* to require that the prior rape accusation be shown to be demonstrably false in order to be admissible at trial.

The same requirement of showing the actual falsity of a prior charge has been adopted in other jurisdictions as well. *See State v. Hutchinson*, 141 Ariz. at 587, 688 P.2d at 213 and cases cited therein. In *People v. Ellison*, 89 Ill.App.3d 1, 44 Ill. Dec. 381, 411 N.E.2d 350 (1980), which we cited in *Hutchinson*, the court stated:

> Appellants finally contend that the trial court erroneously refused to permit examination of [the victim] regarding charges of rape she had allegedly brought against others and later dropped. They argue that the purpose of this testimony was to show a pattern of false accusation on the part of the prosecutrix and also to demonstrate a motive for the present charges.... We do not view the aforesaid [testimony] as a proper offer of proof, because there was no documentation to prove that [the victim] had filed any previous rape charges, nor were the factual circumstances surrounding the alleged incidents presented. The trial court had no way of knowing whether prior charges had actually been made or what their disposition was, and more than the bare assertion of counsel was needed.

44 Ill.Dec. at 389–90, 411 N.E.2d at 358–59 (citations omitted).

■ The underlying policy for an exception to the general rule of inadmissibility as set forth in *Pope* is to allow the defendant to show that the victim has a propensity to give false testimony or to make false rape accusations. *Cf. State v. Grice*, 123 Ariz. 66, 597 P.2d 548 (App.1979). Here, the court's focus on the question of whether this victim had actually been the victim of a previous rape was misplaced. First, there had to be some showing by the defense that the victim has previously accused someone of rape. In this case, defendant could not show that this victim had previously accused anyone. The counselor apparently did not provide the defendant or his attorney with the name of the alleged former perpetrator and, when the victim testified, she stated that the incident had occurred but that she had not reported it. Neither defendant's motion nor the circumstances presented here were sufficient to entitle defendant to a *Pope* hearing. We do not view defense counsel's avowal as a proper offer of proof since there was no showing that the victim previously accused anyone of rape.

This matter is remanded to the trial court for proceedings consistent with this opinion.

HATHAWAY, C.J., and FERNANDEZ, J., concur.