Carlos Omar **FRANCIA**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–75571.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2007.

Submission Vacated April 27, 2007.

Filed Aug. 2, 2007.

Jessica Boell, Esq., Immigrant Law Group LLP, Portland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Portland, OR, Michael P. Lindemann, Esq., Ethan B. Kanter, Esq., Karen Y. Stewart, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI and FISHER, Circuit Judges, and GUILFORD,* District Judge.

### MEMORANDUM **

■ **1.** Francia pled guilty to intentional sexual contact with a minor in violation of Or.Rev.Stat. § 163.415 by touching the minor's genitals and breast. This conviction fits within the BIA's definition of "sexual abuse of a minor," *see Matter of Rodriguez–Rodriguez,* 22 I. & N. Dec. 991, 995 (BIA 1999) (citing 18 U.S.C. § 3509(a)(8)), and the BIA's definition is a permissible construction of the statute. *See Afridi v. Gonzales,* 442 F.3d 1212, 1216 (9th Cir.2006). Because his conviction counts as an aggravated felony, Francia is "deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

■ **2.** However, Francia is eligible for adjustment of status under 8 U.S.C. § 1255(a), unless his conviction is a crime of "moral turpitude." 8 U.S.C. § 1182(a)(2)(A)(i)(I). Under the categorical approach of *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), some of the conduct proscribed by Or.Rev.Stat. § 163.415 doesn't constitute a crime of moral turpitude because the Oregon statute criminalizes sexual touching of a minor, even if the minor is 17 years old, consents and isn't injured. *See State v. Landino,* 38 Or.App. 447, 450, 590 P.2d 737 (Ct.App.1979). Crimes against protected classes don't necessarily involve moral turpitude if they don't result in injury. *See Galeana–Mendoza v. Gonzales,* 465 F.3d 1054, 1061 (9th Cir.2006); *see also Matter of Sanudo,* 23 I. & N. Dec. 968, 972 (BIA 2006). Even "[c]onsensual sexual *penetration*" of a 17–year–old by a 22–year–old doesn't necessarily result in injury, *United States v. Lopez–Solis,* 447 F.3d 1201, 1207 (9th Cir.2006) (emphasis added), so the lesser crime of consensual sexual *contact* with a 17–year–old isn't a crime of moral turpitude.

Under the modified categorical approach, there is no evidence in the "docu-

---

* The Honorable Andrew Guilford, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ments that are part of the record of conviction," *Galeana–Mendoza,* 465 F.3d at 1058, that Francia was convicted of a crime of moral turpitude. Francia's plea agreement showed only that he was 23 years old; it didn't state the age of the victim, whether the victim consented or whether the victim was injured. Likewise, the indictment and judgment of conviction offer no additional facts that would suggest Francia was convicted of a crime of moral turpitude. The record before us does not contain any other documents, such as the plea colloquy, that might be considered under the modified categorical approach. The government does not suggest that such documents could be obtained and has not asked for a remand to allow the BIA to consider any such documents.

We therefore remand to the BIA so that the agency may exercise its discretion under 8 U.S.C. § 1255(a).

**Petition DENIED in part, GRANTED in part and REMANDED.**