944 P.2d 503

STATE of Arizona, Appellee/Respondent.

v.

Robert GETZ, II, Appellant/Petitioner.

No. CR–96–0595–PR.

Supreme Court of Arizona,
En Banc.

Aug. 14, 1997.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section and Gregory A. McCarthy, Phoenix, for Appellee/Respondent.

Law Offices of Joseph P. St. Louis by Joseph P. St. Louis, Tucson, for Appellant/Petitioner.

## OPINION

MOELLER, Justice.

### FACTS AND PROCEDURAL HISTORY

Robert Getz (defendant) was charged with and convicted of conspiracy to commit sexual exploitation of a minor (count five), three counts of sexual exploitation of a minor (counts three, four, and ten), and four counts of sexual abuse (counts six through nine). He was sentenced to presumptive sentences, some concurrent and some consecutive, requiring him to serve 72.5 years. On appeal, the court of appeals reversed two of the convictions, and remanded for resentencing.

The bases of defendant's convictions are that he videotaped a three-year-old and a four-year-old lewdly exhibiting their genitals, and also videotaped himself touching and having oral contact with the breasts of a sixteen-year-old consenting female. On this petition for review, only the counts relating to the sixteen-year old are at issue; thus we confine our discussion to those counts.

The four counts relating to the sixteen-year-old alleged that defendant committed

sexual abuse on her in violation of A.R.S. § 13–1404(A) by touching her breasts (count six), having oral contact with her left breast (count seven), having oral contact with her right breast (count eight), and again touching her breasts (count nine). A.R.S. § 13–1404(A), at the time, read: "A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person fourteen or more years of age without consent of that person or with any person who is under fourteen years of age if the sexual contact involves only the female breast." 1990 Ariz. Sess. Laws, 39th Leg.2d Reg. Sess. Ch. 384, Sec. 1 [hereinafter Ch. 384] (current version at A.R.S. § 13–1404(A) (Supp.1996)).

Before trial, defendant moved to dismiss the four counts involving the sixteen-year-old. His theory was that, because the alleged victim was sixteen, the state had to prove lack of consent. The state countered with the theory that the affirmative defense statute, A.R.S. § 13–1407(B), negated consent as a defense where the victim was fourteen, fifteen, sixteen or seventeen unless the defendant did not know and could not reasonably have known the victim's age. A.R.S. § 13–1407(B) provides:

> It is a defense to a prosecution pursuant to sections 13–1404 and 13–1405, in which the victim's lack of consent is based on incapacity to consent because the victim was fourteen, fifteen, sixteen or seventeen years of age, if at the time the defendant engaged in the conduct constituting the offense the defendant did not know and could not reasonably have known the age of the victim.

Ch. 384, Sec. 3. , Defendant argued that reading section 13–1407(B) into section 13–1404 would render the latter statute unconstitutionally vague.

The trial court denied defendant's motion to dismiss. The state then moved to exclude consent as a defense altogether, contending that a sixteen-year-old was legally incapable of giving consent to having her breasts touched. The trial court also denied the

state's motion, ruling instead that the state needed to prove either lack of consent or that defendant knew that the victim was under eighteen.

The trial evidence showed that the girl was sixteen and consented to the acts. Defendant moved for a directed verdict of acquittal, contending that the state did not prove that defendant knew the age of the victim. The directed verdict was denied. The trial court instructed the jury in the language of both A.R.S. §§ 13–1404(A) and 13–1407(B). Given the jury's guilty verdict, it must be assumed the jury rejected defendant's argument that he did not know the girl was only sixteen, an unremarkable conclusion given the fact he had known her since she was eleven.

On appeal, the court of appeals disposed of the issue as follows: "It is next argued that consent should be a defense to the sexual abuse charges. We have previously decided otherwise. *State v. Superior Court*, 154 Ariz. 624, 744 P.2d 725 (App.1987)." *State v. Getz*, No. 2 CA–CR 94–0184/ 2 CA–CR 95–0543–PR (Consolidated), (Ariz.Ct.App. July 30, 1996) (memorandum decision at 4).

We granted defendant's petition for review limited to the single issue of whether consent is a defense under section 13–1404 if the victim-participant is fourteen, fifteen, sixteen or seventeen years of age. We did so in the hope of providing some guidance concerning the proper interpretation of these confusing statutes and the equally confusing case law they have produced. We have jurisdiction pursuant to Arizona Constitution article VI, section 5(3) and Arizona Rules of Criminal Procedure 31.19.

## ISSUE

Whether the trial court erred in ruling that the state need not prove lack of consent in a prosecution for sexual abuse under A.R.S. § 13–1404(A) where the victim/participant is fourteen, fifteen, sixteen, or seventeen years of age.[1]

---

1. The petition for review stated the question as: "It was error not to allow Appellant to argue consent as a defense to counts six through nine."

We believe our formulation of the issue more accurately states the issue this case presents.

## DISCUSSION

### I. Introduction

We restate the statutory definition of the crime of sexual abuse:

A person commits sexual abuse by intentionally or knowingly engaging in sexual contact with any person fourteen or more years of age *without consent of that person* or with any person who is under fourteen years of age if the sexual contact involves only the female breast.

Ch. 384, Sec. 1, *supra* (emphasis added) (current version at A.R.S. § 13–1404 (Supp. 1996)). The term "sexual contact" referred to in section 13–1404 is defined in A.R.S. § 13–1401(2) and includes touching, fondling or manipulating the female breast by any part of the body.

At first blush, the statute's treatment of victims under fourteen seems anomalous. However, the seeming anomaly is explained by the fact that, with respect to victims under fourteen, sexual activities considered more serious than female breast contact are dealt with in other statutes. *See, e.g.,* Ch. 384, Sec. 4, *supra* (current version at A.R.S. § 13–1410 (Supp.1996)) (Molesting a child under the age of fourteen by directly or indirectly touching the private parts of such child or causing the child to touch the private parts of the person is a class two felony.); Ch. 384, Sec. 2, *supra* (current version at A.R.S. § 13–1405 (Supp.1996)) (Sexual intercourse or oral contact with a minor under fourteen years of age is a class two felony.).

In recent years, the legislature has amended the sexual abuse statute twice. An earlier version of the sexual abuse statute established the age of consent as fifteen, but the legislature amended the age to fourteen in 1990, presumably as a result of our decision in *Matter of Pima County Juvenile Appeal No. 74802–2,* 164 Ariz. 25, 790 P.2d 723 (1990). The statute has since been amended again in 1993, reverting to the original age of consent of fifteen. Hereafter, in referring to A.R.S. § 13–1404, we will be referring to the 1990 version, the law in existence at the time defendant committed the charged acts.

### II. Standard of Review

We are resolving an issue of statutory interpretation. Therefore, we review the trial court's conclusion *de novo. See Chaparral Dev. v. RMED Int'l, Inc.,* 170 Ariz. 309, 311, 823 P.2d 1317, 1319 (App.1991).

### III. Statutory Interpretation

#### A. Fundamental Rules of Statutory Construction

Section 1–211(C) of the Arizona Revised Statutes states that penal statutes must be construed according to the fair import of their terms. We have held that where the language of the statute is clear and unequivocal, the court must abide by the language of the statute. In *Matter of Pima Cty. Juv. App. No. 74802–2,* 164 Ariz. 25, 790 P.2d 723 (1990), we stated:

We are guided by the fundamental rules of statutory construction. It is our duty to ascertain the intent of the legislature in interpreting a statute. The best and most reliable index of a statute's meaning is its language and, *where the language is clear and unequivocal, it is determinative of a statute's construction.*

*Id.* at 33, 790 P.2d at 731 (citations omitted); *see also Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994) ("[W]here the language is plain and unambiguous, courts generally must follow the text as written."). We are not at liberty to impose our view about the way we feel things should be "simply because that's what must have been intended, otherwise no statute, contract or recorded word, no matter how explicit, could be saved from judicial tinkering." *Kilpatrick v. Superior Ct.,* 105 Ariz. 413, 422, 466 P.2d 18, 27 (1970).

#### B. Interpreting A.R.S. § 13–1404

The language of A.R.S. § 13–1404 is plain on its face. *See Matter of Pima Cty. Juv. App. No. 74802–2,* 164 Ariz. at 33, 790 P.2d at 731. A.R.S. § 13–1404(A) states that a person commits sexual abuse "by intentionally or knowingly engaging in sexual contact with any person fourteen or more years of age *without consent of that person.*" Ch. 384, Sec. 1, *supra* (emphasis added). A.R.S.

§ 13–1401(5) defines "without consent" as including any of the following:

(a) The victim is coerced by the immediate use or threatened use of force against a person or property.

(b) The victim is incapable of consent by reason of mental disorder, drugs, alcohol, sleep or any other similar impairment of cognition and such condition is known or should have reasonably been known to the defendant.

(c) The victim is intentionally deceived as to the nature of the act.

(d) The victim is intentionally deceived to erroneously believe that the person is the victim's spouse.

A.R.S. § 13–1401(5) (Supp.1996). "Without consent" is *not* defined as occurring because one is under eighteen.[2]

■ The state argues that reading the affirmative defenses found in A.R.S. § 13–1407 in conjunction with A.R.S. § 13–1404 leads to the conclusion that the legislature intended that no person under the age of eighteen could consent. A.R.S. § 13–1407(B) states that it is a defense to prosecution under sections 13–1404 and 13–1405,

in which the victim's lack of consent is based on incapacity to consent because the victim was fourteen, fifteen, sixteen or seventeen years of age, if at the time the defendant engaged in the conduct constituting the offense the defendant did not know and could not reasonably have known the age of the victim.

Ch. 384, Sec. 3, *supra,* (current version at A.R.S. § 13–1407(B) (Supp.1996)).

Numerous problems exist with the state's proposed rationale. To read the statute as the state does creates some confusing results. For example, a person touching the breast of a female between the ages of fourteen and seventeen with her consent would be guilty of a class 5 felony. But if that person had consensual sexual intercourse or oral sexual contact with the same female, he would only be guilty of a lesser class 6 felony.

*See* Ch. 384, Secs. 1 & 2, *supra* (current versions at A.R.S. §§ 13–1404(B), 13–1405(B) (Supp.1996)). Additionally, under the 1993 amendments, a person has an affirmative defense to *sexual intercourse or oral sexual contact* with a minor as defined in A.R.S. § 13–1405 "if the victim is of the age of fifteen, sixteen or seventeen, the defendant is less than nineteen years of age or attending high school and is no more than twenty-four months older than the victim and the conduct is consensual." A.R.S. § 13–1407(F) (Supp. 1996). This affirmative defense does not apply to A.R.S. § 13–1404. Under the state's construction, a female minor between the ages of fourteen and seventeen is incapable of consenting to the touching of her breasts and the toucher is guilty if he knew her age. But if he had sexual intercourse or oral sexual contact with the same girl, he would have a complete defense available to him if he met the requirements of A.R.S. § 13–1407(F).

The state acknowledged at oral argument and in its brief that its suggested reconciliation of the statutes will lead to patently anomalous results. As the state noted, the legislative history "is riven with instances of redundancies, inconsistencies, and backfilling." The fact is that the statutes cannot be fully reconciled.

The court of appeals summarily disposed of this issue by stating that it had previously decided it in *State v. Superior Court (Puig),* 154 Ariz. 624, 744 P.2d 725 (App.1987). However, the reasoning in *Puig* exemplifies the confusion that is created when the affirmative defense statute is incorporated into the definition of the crime. First, the court of appeals stated in *Puig* that the legislature broadened the definition of "without consent" but "chose not to include the victim's minority or incapacity to consent." 154 Ariz. at 627, 744 P.2d at 728. This statement gives the impression that a minor has the capability of consenting unless a statute provides otherwise. Later in the opinion, however, the court holds that "[w]here the contact is consensual and the defendant knew or should

---

2. We note that for some sexual crimes involving children, consent or lack thereof is immaterial. *See, e.g.,* A.R.S. § 13–1405(A) (sexual conduct with a minor); A.R.S. § 13–1410 (molestation of a child); Ch. 384, Sec. 1, *supra* (current version at A.R.S. § 13–1404(A) (Supp.1996)) (sexual abuse of a person under fourteen years of age).

have known the age of the 15–, 16– or 17–year–old victim, the defendant is guilty of sexual abuse." *Id.* at 628, 744 P.2d at 729. Yet after reaching this conclusion, the court holds that " 'without consent' means something more than merely establishing the victim's minority." *Id.* at 629, 744 P.2d at 730. The two apparent holdings of *Puig* are themselves incompatible.

Although *Puig* pointed out that the consent statute, A.R.S. § 13–1401(5), made no reference to minority, the legislature has not altered the consent statute to include minority, even though it has made other amendments to the statutes covering sexual offenses and defenses.

Although the court of appeals cited the 1987 *Puig* case, it did not cite the 1993 case of *State v. Witwer,* 175 Ariz. 305, 856 P.2d 1183 (App.1993). *Witwer* admittedly did not involve a minor victim. Nevertheless, in *Witwer,* Division One of the court of appeals, in discussing the adequacy of the jury instructions on the defendant's intent, stated: "We hold that in a prosecution for sexual abuse, the state must prove that the defendant intentionally and knowingly engaged in sexual contact *and that the defendant knew that such contact was without the consent of the victim." Witwer,* 175 Ariz. at 308, 856 P.2d at 1186.

To the extent that *Puig* suggests that A.R.S. § 13–1404 criminalizes sexual contact with a consenting fourteen-, fifteen-, sixteen-, or seventeen-year-old, we disapprove it. Such a holding goes against the express language of section 13–1404. If the legislature wishes to make such conduct a crime, it can easily do so by changing the age of consent in the statute. It has done so twice in recent years, lowering the age from fifteen to fourteen in 1990, *see* Ch. 384, Sec. 1, *supra,* and raising the age from fourteen back to fifteen in 1993. *See* A.R.S. § 13–1404 (Supp.1996). If the legislature intended to implicitly raise the age to eighteen by enacting section 13–1407(B), which we doubt, it can do so explicitly by amending section 13–1404.

There is yet another reason that leads us to apply section 13–1404 as written. We are concerned about the constitutional ramifications of superimposing the affirmative defense statute into the definitional statute. "The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue." *State v. Miller,* 100 Ariz. 288, 292, 413 P.2d 757, 760 (1966). The language must be clear enough to inform "a person of ordinary or average intelligence of the prohibited conduct." *Barbone v. Superior Ct.,* 11 Ariz. App. 152, 154, 462 P.2d 845, 847 (1969). We believe section 13–1404 is clear and that persons of ordinary intelligence reading it would conclude that, if the victim is fourteen or over, the state must prove lack of consent. Accepting the state's argument would, at a minimum, insert a serious constitutional issue into the case, and we have an obligation to interpret our statutes so as to uphold their constitutionality, where possible. *Business Realty of Arizona, Inc. v. Maricopa Cty.,* 181 Ariz. 551, 559, 892 P.2d 1340, 1348 (1995).

We acknowledge that it is not possible to completely reconcile the statutes. We are aware that our reading renders a portion of section 13–1407(B) inoperative because it will be inapplicable to prosecutions under section 13–1404, although it says it is applicable. However, section 13–1407(B) will still apply to prosecutions under A.R.S. § 13–1405, sexual conduct with a minor.

With or without case law interpretations, A.R.S. § 13–1407(B) is not the only section of the affirmative defense statute that is partially meaningless in its application. Under the 1990 amendments, A.R.S. § 13–1407(F) states that it is a defense to prosecution under sections 13–1404 and 13–1410 if both the defendant and victim were fourteen, fifteen, sixteen or seventeen and the conduct was consensual. However, section 13–1410 involves molestation of a child, and only applies to children under the age of fourteen. Therefore, section 13–1407(F) has no application to section 13–1410,[3] although it purports to.

## CONCLUSION AND DISPOSITION

Criminal offenses must be defined sufficiently to give fair notice to a person of

---

3. A.R.S. § 13–1407(F) has been changed substantially, as discussed, *supra.* It no longer applies to A.R.S. § 13–1404 or § 13–1410 and has

ordinary intelligence "that his contemplated conduct is forbidden by the statute." *State v. Limpus,* 128 Ariz. 371, 375, 625 P.2d 960, 964 (App.1981); *Connally v. General Constr. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); *State v. Varela,* 120 Ariz. 596, 599, 587 P.2d 1173, 1176 (1978). Injecting the affirmative defense statute into A.R.S. § 13–1404 raises grave constitutional issues about proper notice to potential defendants. If one read both A.R.S. § 13–1404 (sexual abuse) and A.R.S. § 13–1401 (definition of consent), one would clearly be led to believe that a person between the ages of fourteen and seventeen could consent for purposes of section 13–1404.[4]

■ The state acknowledges that, in this case, the undisputed evidence shows that the victim/participant consented to the touching of her breasts. Therefore, the trial court should have granted judgments of acquittal on counts six, seven, eight and nine, and it is now so ordered.

The memorandum decision of the court of appeals is vacated insofar as it addresses the issue dealt with in this opinion and the balance of the memorandum decision is approved. We remand for resentencing on the two remaining convictions. This opinion does not affect the convictions on counts three and ten for sexual exploitation of a minor, class two felonies. The seventeen-year-sentence imposed on count three is affirmed, as is the twenty-eight-year sentence on count ten, which shall be served consecutively to the sentence on count three.

ZLAKET, C.J., JONES, V.C.J., and FELDMAN and MARTONE JJ., concur.

---

different age restrictions. *See* A.R.S. § 13–1407(F)(Supp.1996).

**4.** In so holding, we are aware that we have ourselves said in dicta that section 13–1407 can provide a defense to a section 13–1404 prosecution. *See Matter of Pima Cty. Juv. App. No. 74802–2,* 164 Ariz. 25, 29, 790 P.2d 723, 727

(1990). That will no longer be the case under this opinion. That comment was made in a case challenging the statute as unconstitutional if applied to young defendants and was made in the context of noting that while the legislature enacted provisions geared to the ages of victims, it had not done so in the case of defendants.