IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



THE STATE OF ARIZONA,          )
                               )          2 CA-CR 2011-0384
                  Appellee,    )          DEPARTMENT A
                               )
        v.                     )          O P I N I O N
                               )
KARAMA AZIZI MWANDISHI,        )
                               )
                  Appellant.   )
                               )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20103848001

Honorable Michael O. Miller, Judge

AFFIRMED

Thomas C. Horne, Arizona Attorney General
 By Kent E. Cattani, Joseph T. Maziarz, and                    Tucson
 Nicholas Klingerman                              Attorneys for Appellee


Lori J. Lefferts, Pima County Public Defender
 By Robert J. McWhirter                                        Tucson
                                                  Attorneys for Appellant


B R A M M E R, Judge.

¶1        Karama Azizi Mwandishi appeals from his conviction and sentence for

aggravated assault resulting in serious physical injury.  He argues the trial court erred by

failing to grant his motion for a judgment of acquittal because the state had presented evidence only of a "typical fracture," which is not sufficient proof of serious physical injury. We affirm.

**Factual and Procedural Background**

**¶2** On appeal, we view the facts in the light most favorable to sustaining Mwandishi's conviction and sentence. *See State v. Haight-Gyuro*, 218 Ariz. 356, ¶ 2, 186 P.3d 33, 34 (App. 2008). On October 24, 2010, Mwandishi and his girlfriend M.C. argued. The argument escalated and Mwandishi pinned M.C. down, punched her repeatedly in the back of the head, then turned her over and punched her in the left eye. The punch fractured more than fifty-percent of the orbital floor of M.C.'s left eye. Mwandishi was charged with kidnapping and aggravated assault causing serious physical injury.

**¶3** During a jury trial, M.C.'s eye doctor testified the injury had caused double vision, entrapment of tissue through the fracture, had decreased M.C.'s orbital volume so that her eye had displaced two millimeters, and had damaged a nerve that innervates the middle of the face, causing numbness to her face. M.C. had surgery to insert a titanium mesh plate to replace her damaged orbital floor. Although the surgery was successful without any complications, M.C. testified she continues to experience side effects including sinus drainage through her left eye, pressure "like a bruising feeling" from the implant, and occasional white flashes. She also stated her left eye appears smaller than

2

previously. M.C.'s doctor testified there is a small risk of infection around the implant, and that in rare cases implants can extrude and become exposed.

**¶4** At the close of the evidence, Mwandishi moved for a judgment of acquittal, which the trial court denied. The jury found him guilty of aggravated assault resulting in serious physical injury. It was unable to reach a verdict, however, on the kidnapping charge, and the court dismissed that charge without prejudice. Mwandishi was sentenced to a partially mitigated term of six years' imprisonment. This appeal followed.

### Discussion

**¶5** Mwandishi argues the trial court erred when it denied his motion for a judgment of acquittal made pursuant to Rule 20, Ariz. R. Crim. P. He contends evidence of a "typical fracture" is not sufficient to support the jury's finding of serious physical injury.

**¶6** A judgment of acquittal should be granted only when "there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a); *see also State v. Mathers*, 165 Ariz. 64, 67, 796 P.2d 866, 869 (1990). "'Substantial evidence' is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980). We review a trial court's denial of a Rule 20 motion de novo. *State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011). On appeal, we will not set aside the verdict for insufficient evidence unless it "clearly appear[s] that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the

3

jury," viewing that evidence in the light most favorable to sustaining the verdict. *State v. Arredondo*, 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987).

¶7        Mwandishi was charged with and convicted of aggravated assault causing serious physical injury pursuant to A.R.S. § 13-1204(A)(1) and (D), a class three felony. "Serious physical injury" is defined by A.R.S. § 13-105(39)[1] to include "physical injury that creates a reasonable risk of death, or that causes serious and permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb."[2]  The jury was instructed in accordance with this definition.

¶8        "Serious physical injury" refers to "an injury more serious than those injuries justifying a mere nondangerous, class four felony classification."  *State v. George*, 206 Ariz. 436, ¶ 9, 79 P.3d 1050, 1055 (App. 2003); *see* § 13-1204(A)(3), (D) (assault causing "temporary but substantial disfigurement, temporary but substantial loss or impairment of any body organ or part or a fracture of any body part" nondangerous class four felony).  Therefore, "serious impairment of health," § 13-105(39), must be

---

[1]The statute was renumbered after Mwandishi committed the offense.  *See* 2011 Ariz. Sess. Laws, ch. 114, § 1.  For ease of reference we refer to the current numbering.

[2]The state points out that Arizona's definition of "serious physical injury" uses the term "includes," rather than "means," signifying that other types of injuries not listed also may be serious physical injuries.  The distinction is meaningful in some contexts.  *Cf. State v. Witwer*, 175 Ariz. 305, 307-08, 856 P.2d 1183, 1185-86 (App. 1993) ("includes" term of enlargement; conduct not listed may constitute "without consent").  Because we find M.C.'s injuries meet the explicit definition in § 13-105(39), we need not address this issue.

4

more than a "temporary but substantial" impairment, § 13-1204(A)(3), and more than "the usual temporary impairment caused by the fracture of a body part." *George*, 206 Ariz. 436, ¶ 9, 79 P.3d at 1055. And "protracted impairment of the function of any bodily organ or limb," § 13-105(39), must be "more protracted than either a 'temporary but substantial' impairment of the use of a limb or the healing time of a normal fracture." *George*, 206 Ariz. 436, ¶ 9, 79 P.3d at 1055, *quoting* § 13-1204(A)(3).

¶9 We disagree with Mwandishi's characterization of M.C.'s injury as a "simple fracture." Rather, her injury is consistent with the definition of "serious physical injury" in § 13-105(39), as described further in *George*, 206 Ariz. 436, ¶ 9, 79 P.3d at 1055. Viewed in the appropriate light, the record contains sufficient evidence from which a jury could have concluded M.C. suffered a "serious impairment of health," § 13-105(39), more than a "temporary but substantial" impairment, § 13-1204(A)(3), and more than "the usual temporary impairment caused by the fracture of a body part." *George*, 206 Ariz. 436, ¶ 9, 79 P.3d at 1055. As previously noted, more than fifty-percent of the orbital floor of M.C.'s left eye was fractured, requiring surgery to insert a titanium plate to replace her damaged orbital floor. And the fracture caused M.C. double vision, entrapped tissue through the fracture, and had decreased M.C.'s orbital volume so that her eye was displaced two millimeters. Additionally, M.C. continues to experience pressure in her eye and is at risk for infection around the implant and the possibility the implant could extrude and be exposed. We cannot characterize this injury and its continued effects as the "usual" or "temporary" result of a "normal" fracture. *See id.*

¶10 Moreover, there was sufficient evidence from which the jury could have concluded M.C. suffered a "protracted impairment of the function of any bodily organ or limb," § 13-105(39), "more protracted than either a 'temporary but substantial' impairment of the use of a limb or the healing time of a normal fracture." *See George*, 206 Ariz. 436, ¶ 9, 79 P.3d at 1055, *quoting* § 13-1204(A)(3); *see also Stedman's Medical Dictionary* 887 (3d lawyers' ed. 1972) (organ is "[a]ny part of the body exercising a specific function"). Rather than healing like a normal fracture, M.C.'s orbital floor was replaced with a titanium plate, and she continues to experience side effects from the injury that impair the function of her eye and eye socket, including sinus drainage through her eye and occasional white flashes. *See State v. Greene*, 182 Ariz. 576, 579-80, 898 P.2d 954, 957-58 (1995) (victim's continuing nosebleeds supported finding of "protracted impairment"). She also experienced numbness resulting from damage to the nerve innervating the middle of her face and, although her sensitivity improved following surgery, that problem could continue. Additionally, she testified her facial symmetry has changed as her left eye appears smaller than it did previously. *See id.* (serious physical injury supported by evidence victim's nose "completely changed" and continued nosebleeds).

¶11 From the evidence presented at trial, which included testimony from M.C. and her doctor, reasonable jurors could find beyond a reasonable doubt that Mwandishi had committed aggravated assault causing serious physical injury. Thus, the trial court

did not err in denying Mwandishi's Rule 20 motion, and sufficient evidence supports the jury's finding of guilt.

## Disposition

**¶12**        For the foregoing reasons, we affirm Mwandishi's conviction and sentence.


/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge


CONCURRING:


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge
.