NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

NICHOLE W., JOSE V., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, I.V., M.V., *Appellees*.

No. 1 CA-JV 20-0340
FILED 8-24-2021

Appeal from the Superior Court in Coconino County
No. S0300JD201900022
The Honorable Angela R. Kircher, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Antol & Sherman, P.C., Flagstaff
By Neil E. Sherman
*Counsel for Appellant Nichole W.*

Jose V., Apache Junction
*Appellant*

Arizona Attorney General's Office, Mesa
By Thomas Jose
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**G A S S,** Judge:

¶1 Mother, Nichole W., and father, Jose V., appeal a superior court order terminating their parental rights to M.V. and I.V. Because the superior court's findings are sufficient and supported by reasonable evidence, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 This court views the facts in the light most favorable to affirming the superior court's order. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

¶3 Police arrested mother for disorderly conduct. One of mother's children, not a party to this case, told police mother kicked M.V.'s elbow two weeks earlier. The police called the Department of Child Safety (DCS) to the scene after learning the children were without parental supervision. DCS could not locate father so DCS placed M.V. and I.V. with an adult half-brother.

¶4 M.V. told DCS she was still sore from when mother kicked her elbow. In a later DCS interview, M.V. again reported soreness from mother's kick. M.V. also said mother hit her on her backside, leaving her bruised.

¶5 At DCS's request, La Frontera, an outpatient mental-health treatment center, conducted rapid response clinical diagnostics with the children. M.V. told La Frontera mother kicked I.V. off a chair in 2018, which caused bruising to I.V.'s shin. Both children said mother slapped, kicked, and bit them. La Frontera forwarded this information to DCS.

¶6 DCS also reported the children "do not have a relationship with their father," and father had not seen the children "in years."

¶7 DCS filed a dependency petition alleging M.V. and I.V. dependent as to mother based on neglect and abuse, and dependent as to father based on neglect by abandonment. The superior court found M.V.

and I.V. dependent as to both mother and father and adopted a case plan of reunification. The superior court later adopted a concurrent case plan of reunification and severance/adoption. Ultimately, DCS moved to terminate mother's and father's parental rights.

¶8 The superior court held a contested hearing. Two DCS case managers and father testified. The court heard testimony on mother's rehabilitation efforts. The court also heard testimony about the last time father visited the children and the status of the relationship between father and the children.

¶9 The superior court found "[m]other's abuse of alcohol became a daily occurrence and often resulted in her verbally and physically abusing the children." The superior court also found father neither supported, had regular contact, nor had a relationship with the children. The superior court terminated mother's parental rights on the ground of abuse and terminated father's parental rights on the ground of abandonment. The court also found termination of parental rights was in the children's best interests.

¶10 Mother and father timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 8-235.A, 12-120.21.A.1, and 12-2101.A.1.

## ANALYSIS

¶11 We begin with mother. Because she has not challenged the superior court's best-interest findings, she has "abandoned and waived" such a challenge. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 577, ¶ 5 (App. 2017). Instead, mother raises two challenges: (1) the superior court's findings were insufficient; and (2) insufficient evidence supported the superior court's findings of abuse. For these reasons, she argues the superior court should not have terminated her parental rights. We disagree.

¶12 This court will not reweigh evidence because the superior court is in "the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quoting *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004)).

## I. The superior court's order contained sufficient findings of abuse.

¶13 "[F]indings of fact and conclusions of law should be sufficiently specific to enable the appellate court to provide effective review." *Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 241, ¶ 25 (App.

3

2012). The more complicated the legal issue, the more detailed the findings must be. *Id.* at ¶ 26.

**¶14**         In *Ruben M.*, the superior court terminated father's rights based on abuse. *Id.* at 238, ¶ 9. This court said because the abuse ground was "simple and straightforward," "more summary findings [were] sufficient." *Id.* at 241, ¶ 27. There, the superior court found father "repeatedly, willfully abused his children." *Id.* That finding was sufficient because A.R.S. § 8-533 merely required the father to have "willfully abused" his children. *Id.* at ¶ 27–28.

**¶15**         As in *Ruben M.*, we face a single statutory ground for termination based on abuse under § 8-533, so "more summary findings" may suffice. *See id.* at ¶ 27. Here, the superior court's findings summarized what was in the record, saying "Mother's abuse of alcohol became a daily occurrence and often resulted in her verbally and physically abusing the children." So, as in *Ruben M.*, a more precise finding is unnecessary. *See id.* Accordingly, the superior court made sufficient findings of fact.

## II.    Reasonable evidence supports the superior court's conclusion mother abused M.V. and I.V.

**¶16**         The State may terminate parental rights if it proves a ground for termination under § 8-533 by clear and convincing evidence. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). Here, mother's parental rights were terminated because of abuse. Under § 8-533.B.2, the superior court may terminate parental rights if the parent "willfully abused" a child. Abuse means "infliction or allowing of *physical injury*, impairment of bodily function or disfigurement." A.R.S. § 8-201(2) (emphasis added).

**¶17**         Mother urges us to adopt Title 13's definition of "physical injury." *See* A.R.S. § 13-3623.F.4. We need not resolve the issue because even under the definition mother urges us to adopt, which would presumably be to her advantage, reasonable evidence established mother abused M.V. and I.V. by physically injuring them.

**¶18**         Under § 13-3623.F.4, physical injury "includes any skin bruising." I.V.'s reported bruising after mother kicked her off the chair fits "skin bruising" under § 13-3626.F.4's definition of physical injury. Similarly, mother spanking M.V. to the point of bruising is further evidence of "skin bruising." *See id.* Mother argues the superior court relied on "random stories," in finding abuse, but we must view the evidence, including these "random stories," and reasonable inferences drawn from it

in the light most favorable to sustaining the superior court's decision. *See Jordan C.*, 223 Ariz. at 93, ¶ 18.

**¶19** Further, § 13-3623.F.4 uses the word "includes" followed by a list of injuries. "Includes" is a term of enlargement. *See E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 59, ¶ 12 (App. 2015) (the term "includes" did not limit abuse under § 8-533.B.2 to only the enumerated criteria following the word "includes"); *see also State v. Witwer*, 175 Ariz. 305, 308 (App. 1993) ("The word 'includes' [in the definition] is a term of enlargement which conveys the idea that conduct which does not fall within the listed behavior may also violate the statute."). In short, physical injury under § 13-3623.F.4 is not limited to the enumerated list. Mother, therefore, also physically injured M.V. by kicking her and leaving her with a persistently sore elbow.

**¶20** Because reasonable evidence supports the superior court's finding, we must affirm. *See Jennifer S. v. Dep't of Child Safety*, 240 Ariz. 282, 287, ¶ 16 (App. 2016).

**¶21** Lastly, mother relies on *Alma S. v. Department of Child Safety* to argue the superior court should have given her rehabilitation efforts greater weight. *See* 245 Ariz. 146, 151, ¶ 15 (2018). Her reliance on *Alma S.* is misguided. *Alma S.* is limited to the best-interest inquiry, which mother waived. *See id.* Further, the superior court had evidence of those efforts, including diluted drug tests, missed drug testing, and non-attendance of child family team meetings. We do not reweigh such evidence. *See Jordan C.*, 223 Ariz. at 93, ¶ 18.

**III.** **Father asks us to reweigh the evidence, which we decline to do.**

**¶22** Father raises grievances but does not develop supporting arguments or show where in the record he properly objected. Father, therefore, waived the arguments. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) ("arguments not supported by adequate explanation, citations to the record, or authority" are waived). At best, father asks us to reweigh evidence, which we decline to do. *See Jordan C.*, 223 Ariz. at 93, ¶ 18.

**¶23** In short, reasonable evidence established father did not have a normal relationship with M.V. and I.V. Father had not provided support for his children despite his alleged effort "to get in touch with the state and pay child support for 8 years." Father provided no documentation or other evidence of his contact with M.V. and I.V. before the dependency. The superior court, therefore, had reasonable evidence to find father abandoned the children. *See* A.R.S. §§ 8-531(1), -533.B.2.

**CONCLUSION**

¶24 We affirm the superior court's order terminating mother's and father's parental rights as to M.V. and I.V.



AMY M. WOOD • Clerk of the Court
FILED: AA